[No. 6048. Decided January 22, 1906.]

Louis Lamere, *Appellant,* v. Eva M. Lamere, *Respondent.*[1]

DIVORCE—ABANDONMENT—FINDINGS—EVIDENCE. It is error to refuse a divorce on the ground of abandonment, where it appears that the wife left her home without any cause or excuse, and where she later declined absolutely to return home, both upon requests by the husband, by letter, and by her sister, who visited her at her husband's request, and where there was no evidence of collusion.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered December 11, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, dismissing an action for a divorce. Reversed.

*Richardson, Roche & Onstine,* for appellant.

PER CURIAM.—The plaintiff brought this action to procure a divorce from the defendant, on the ground of abandonment. The complaint is in the usual form in such cases. The action was brought in Spokane county, where the plaintiff has resided for more than twenty years. The defendant was personally served with process at Northport, in Stevens county, where she has resided since she ceased to live with the plaintiff. The defendant made no appearance, and the prosecuting attorney of Spokane county appeared at the hearing and resisted the complaint on behalf of the state. The divorce was denied, and the plaintiff appeals.

No appearance has been entered in this court by the respondent, or on behalf of the state. The facts, as disclosed by

1Reported in 84 Pac. 26.

the testimony, are substantially these: The appellant and the respondent intermarried in Spokane county, on October 15, 1893, and continued to live together as husband and wife, at Medical Lake in said county, until the 10th day of September, 1904, something more than a year prior to the commencement of this action. On the latter date the respondent left her home at Medical Lake, with the ostensible purpose of visiting her sister at South Bend, the appellant accompanying her to the train. Not having heard from the respondent, the appellant, some two or three weeks thereafter, wrote to his brother-in-law at South Bend and made inquiry as to the whereabouts of his wife. The brother-in-law replied that the respondent had not been at South Bend, but was residing at Northport, in Stevens county.

Thereafter the appellant wrote the respondent two letters to Northport, asking her to return to him, and received three letters in reply. The appellant also caused the sister of the respondent to visit her at Northport with a view of inducing her to return to her home; but this she declined absolutely to do. The testimony discloses not the slightest excuse or justification for the respondent's conduct. We judge from the findings and decree of the court that the divorce was refused because the letters passing between the appellant and the respondent were not produced in court, because the appellant did not go in person to Northport to procure the return of his erring spouse, and because there was collusion between the parties.

The appellant testified that the letters received from the respondent were in his possession at home, but that he did not bring them into court because he deemed them of no importance. He was not asked to produce the letters by either the court or the prosecuting attorney, and it was error to deny the divorce on that ground. There was not the slightest testimony of collusion between the parties, unless collusion be inferred from the fact that the appellant failed to go to Northport to induce his wife to return to her home. The

testimony shows that the respondent was keeping a private boarding house at Northport for two men, one of whom formerly lived at Medical Lake. We are not called upon to say that the relations between the respondent and this man were improper, but she declared that she thought more of him than of her husband, that the latter might get a divorce from her, and that she would never return to him. The wife left her home without cause or excuse. The husband asked her to return, by letter, and sent her sister after her, but without avail. More than this, in our opinion, the law does not demand of the innocent party.

The judgment is reversed, with directions to grant the divorce as prayed, and make such disposition of the property rights of the parties as law and equity demand. Inasmuch as the respondent made no appearance in the court below or in this court, no costs will be allowed on this appeal.